CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 01 2013

JULIA C[...]Y, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BOBBY NELSON COLLINS, JR., | ) | CASE NO. 7:13CV00020 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| THOMAS WHITT, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Bobby Nelson Collins, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials verbally harassed him, deprived him of his right to pursue the grievance procedure, and retaliated against him for pursuing a grievance. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Collins alleges the following sequence of events pertinent to his claims. Collins states that he is a pretrial detainee facing charges of unauthorized use of a vehicle and with no record of violent or serious criminal offenses. He is confined at the Southwestern Virginia Regional Jail in Duffield.

While Collins was in the Montgomery County Jail ("the jail") on November 14, 2012, before a court appearance, he saw Deputy Abdelaziz mishandling his legal materials and asked the deputy to return them. The deputy refused and placed the legal materials where Collins could not see them. When Collins attempted to submit a grievance about his legal materials, Deputy Abdelaziz grabbed the form from Collins' hand and told him, "You are not our inmate and have no rights to this." Collins felt physically intimidated and feared for the safety of his

legal documents. He knocked on the control room door, hoping to notify the lieutenant of Abdelaziz's aggressive actions. Abdelaziz charged at Collins, telling him not to knock on doors. Collins wrote a grievance letter about the November 14, 2012 events to Captain Kim Haug, who found Abdelaziz's alleged actions to be according to jail policy and ruled Collins' grievance to be "petty, unfounded and quite frankly a waste of everyone's time."

Before another court appearance in early December 2012, Collins was taken to the jail for the day. While he was in the booking room, Sgt. Stevens told Collins that he would be taken to "isolation . . . orders per Lt. Smith." When Collins arrived at "special purpose cell block cell #204," Lt. Smith removed a mat from the bed and took the toilet paper away and left Collins in the cell. Smith later returned with a full roll of toilet paper for Collins. Smith mentioned that Collins could appeal to the sheriff about Captain Haug's response to his grievance from November about the legal materials.

When Stevens brought Collins his meal tray, Collins asked if he could have his Bible, which he had left downstairs. Stevens said he would check with Smith. About an hour later, Smith and Stevens came to Collins' cell, ordered him to place his hands against the wall, "pat search[ed]" him, and placed him in handcuffs, waist chain, and shackles. According to Collins, application of such restraints normally occurs in the booking room. Collins became very fearful, remembering an occasion in 2005 when officers at the jail beat him while he was restrained. Smith and Stevens then escorted Collins to court. In the courthouse holding cell, Collins met an inmate from the New River Valley Regional Jail, who had been brought to the Montgomery jail for the day before a court appearance and was housed in general population, rather than isolation.

Collins brings this § 1983 action against the Montgomery County Sheriff, Thomas Witt, and deputies Haug, Abdelaziz, Stevens, and Smith, seeking compensatory damages. Collins

2

claims that the defendants violated his constitutional rights by denying him the right to file a grievance, verbally intimidating him after he filed a grievance, placing him in isolation and restraints in retaliation for his filing of a grievance, and treating him differently than other court appearance inmates.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The court construes *pro se* complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The doctrine of *respondeat superior* cannot be invoked in §1983 cases. Therefore, to state a plausible claim against the sheriff, Collins must show that the sheriff acted personally to deprive him of his constitutional rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights [because t]he doctrine of respondeat superior has no application" under § 1983) (internal citations omitted).

3

Because Collins' allegations make no such showing, his claims against the sheriff must be summarily dismissed under § 1915A(b)(1) for failure to state a claim.

Inmates do not have a constitutionally protected right to a grievance procedure.[1] Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, Abdelaziz's refusal to provide Collins with a grievance form[2] and Haug's disappointing assessment of Collins' grievance do not state any constitutionally significant claim and are not actionable under § 1983. Collins' claims concerning the grievance procedure will be dismissed accordingly under § 1915A(b)(1).

Collins' claims of verbal harassment and intimidation also fail to state any constitutional claim. See Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (verbal abuse by guards, without more, states no constitutional claim) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause him fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). Under this precedent, Collins' claims about the officers' statements must be summarily dismissed under § 1915A(b)(1) for failure to state a claim.

---

[1] Collins states that he was a pretrial detainee at the time of the alleged violations. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, which proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). As a practical matter, however, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).

[2] Moreover, as jail officials treated Collins' letter as a grievance and allowed him an appeal to the sheriff, his allegations fail to show that he suffered any adverse effect whatsoever from Abdelaziz's refusal to give him a jail grievance form on November 14, 2012.

4

To succeed on a § 1983 claim that prison officials retaliated against him, an inmate must allege facts showing that his exercise of a constitutional right was a substantial factor motivating the retaliatory action. See Adams, 40 F.3d at 75. The inmate must present more than conclusory allegations of retaliation by alleging facts showing that his exercise of a constitutional right was a substantial factor motivating the retaliatory action. See, e.g., American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action"); Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993) (same). Mere "temporal proximity" between the inmate's protected activity and the official's allegedly retaliatory action "is simply too slender a reed on which to rest" a §1983 retaliation claim. Wagner, 13 F.3d at 91.

Collins alleges that officers placed him in isolation, took his bed mat and toilet paper, and placed him in restraints, all in retaliation for his use of the grievance procedure. This attempted claim fails under both parts of the constitutional standard. First, since Collins had no constitutional right to the jail's grievance procedure, his use of the procedure did not constitute exercise of a constitutionally protected right. Second, other than the time sequence of events, Collins fails to state any facts suggesting that the officers' challenged actions were, in any way, motivated by his grievance. Id. The court need not accept as true Collins' conclusory assertion to the contrary, and a claim grounded in nothing more than unsupported assertions of retaliation must be summarily dismissed under § 1915A(b)(1).

Finally, Collins fails to allege facts stating any equal protection claim. To do so, Collins must allege facts demonstrating that 1) he was intentionally treated differently from others similarly situated and, 2) if officials applied different standards for temporary cell assignment in

5

his case, there was no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Moss v. Clark, 886 F.2d 686, 690-91 (4th Cir. 1989) (finding prisoner claiming equal protection violation must show that he was similarly situated and that unequal treatment was not rationally related to a legitimate governmental purpose). Collins fails to allege facts on which he could show that the other court appearance inmate, housed in the general population for the day, was similarly situated to Collins in significant ways, such as offenses charged, detainee status, flight risk, and criminal history. Similarly, Collins fails to allege facts demonstrating that the different treatment he received (being housed in isolation without a bed mat and restrained there) was not related to a legitimate administrative needs or policies, such as bed space problems or a staffing shortage in general population, or a policy requiring removal of all items from a cell previously used by another inmate or removal of bed mats during the day. The court is satisfied that Collins' allegations do not state any plausible equal protection claim. Therefore, all such claims will be dismissed under § 1915A(b)(1).

For the reasons stated, the court dismisses Collins's entire complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This １st day of March, 2013.

/s/ James C. Turk
Senior United States District Judge